# Stephen J. Owens and Benjamin L. Greider, Appellants, v. The City of Lancaster.

*Appeals—Harmless error—Charge of court.*

In an action against a city to recover damages for the pollution and obstruction of a stream, the Supreme Court will not reverse a judgment on a verdict for the defendant because the trial judge stated to the jury that he had no recollection of any evidence showing that the stream was clogged up or polluted, except during the time of flood, if he further charged that this was a question for the jurors to determine upon the evidence as they remembered and understood it, and that the defendant was liable for the consequences if it allowed refuse and impure matter to accumulate, obstructing the flowage and emitting poisonous odors, injuriously affecting the property and the health of the inhabitants, and if he also distinctly charged that it was for the jury to determine whether the defendant's negligence and the plaintiffs' claim were established by the evidence.

Argued May 16, 1898. Appeal, No. 388, Jan. T., 1897, by Benjamin L. Greider, from judgment of C. P. Lancaster Co., Sept. T., 1894, No. 39, on verdict for defendants. Before STERRETT, C. J., MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for the obstruction and pollution of a stream. Before LIVINGSTON, P. J.

Hoffman's Run in the city of Lancaster forms the only natural drainage for about three fourths of the built up portion of

the city. All the sewers in the city necessarily empty into this stream. The bed of the stream is sufficiently capacious to ordinarily convey its own waters and the city sewage. In times of flood the banks are overflowed.

Further facts will be found in the opinion of the Supreme Court, and in the previous report of this case in 182 Pa. 257.

Plaintiffs' points and the answers thereto among others were as follows:

2. If the jury believe that the defendant made the stream of water known as Hoffman's Run part of the sewer system of defendant, and permitted any other person or persons to empty into said run any impure matter, the defendant is responsible to the plaintiffs for all damages they may have sustained as adjoining property owners along said stream. *Answer:* This is one of the wide shots. There is no evidence before you that the city permitted or gave permission to anybody to throw anything into this stream; no evidence of that kind that I remember; you will recollect, but I think there is no evidence of that kind. If the city gave authority to anybody to do that, of course it would be liable, the same as it would be if it was negligence on its part. [9]

3. If the jury believe that through the carelessness and negligence of the defendant, it allowed the stream of water known as Hoffman's Run to clog up and swell its banks and carry the refuse, offal and offensive matter that came out of defendant's sewers into and upon plaintiffs' land, the defendant would be liable for all damages that plaintiffs have sustained as adjoining property owners along said stream. *Answer:* You will remember, I don't now recollect any testimony showing that any portion or at any point was this sewer clogged up, or threw out of its stream any matter of any kind, whether offal, refuse or other offensive matter, except in time of storm. And the Supreme Court, as I have read to you, has said: "If the corporate authorities of a borough, having knowledge thereof, suffer a public culvert of sufficient capacity in itself extended through private property to be reduced in capacity, insufficient to carry the ordinary flow of water, the borough is liable to the property owner for the resulting injuries." I think there is nothing in the evidence—that is my judgment and recollection of it. This has not been at any time clogged up, or cast out any of its

refuse matter on the plaintiffs' property in the ordinary flow of water, at any time except during the time of flood or high water—rain. [10]

4. If the jury believe that through the carelessness and negligence of defendant it allowed the stream of water, known as Hoffman's Run, to clog up and overflow its banks and carry the refuse and impure matter which came out of the defendant's sewers into and upon plaintiffs' land, and caused poisonous odors and poisoned the atmosphere and poluted the plaintiffs' land the defendant is liable, and the verdict of the jury should be for the plaintiffs. *Answer:* That would be true if the evidence carries it out. Whether it does or not is a question for you. As I said before, my recollection of the evidence is, it did nothing of this kind at any time except when the water was not in its ordinary condition but was swollen by rains or storms. As to the poisonous odors, if there were any arising from this, of course they would be liable if it was negligence. [11]

5. If the jury believe that the defendant through carelessness and negligence permitted the stream of water, known as Hoffman's Run, to accumulate with filth and dirt and clog the channel of the stream, and cause it to overflow its banks and carry offal and impure matter into and upon plaintiffs' land, and the plaintiffs were injured in consequence of this negligence, the defendant is liable and the verdict should be for the plaintiffs. *Answer:* If that state of facts existed—the negligence and carelessness of the city—then they would be liable; but as I said before, there is nothing to sustain the first part of this point. The jury will remember whether there is any evidence of any overflow at any time except in high water; and if there was, was it the negligence of the city? If they find it was, then they should find for the plaintiffs, so much as they find they have been injured by reason of that act of negligence. [12]

Defendant's points and the answers thereto among others were as follows:

2. If the jury believe that the defendant has used Hoffman's Run as an open sewer, continuously, for a period of more than twenty-one years before September 6, 1894 (that being the date on which the suit was brought), then there can be no damages recovered by plaintiffs for the taking of said stream as a sewer, for the reason that the defendant has acquired a right to use it

as an open sewer by prescription.   *Answer :* It had acquired a right to use it, but having acquired that right the city must use it without negligence and carelessness as to the property of other parties; it must so use it, if possible to do so, that the property owners along and adjoining it will not be injured by its occupation and use of it; it has a right to use it and occupy it, but it must use it as another man would use his own property so he does not injure his neighbor.   If it is carelessly and negligently used his neighbor is entitled to damages for the injury sustained. [13]

3. If the jury believe from the testimony that the city does not use Hoffman's Run as an open sewer in a careless or negligent way, it is not liable in the present suit for any damages. *Answer :* That we affirm.   We say if you find the city has done its duty and has not been negligent or careless in the use of this sewer, this city run, then the plaintiffs are not entitled to damages because they have suffered none.   The defendant has done its duty.   It has a right to take water down there, but must do it in a way not negligent or careless, or injurious to the owner of the land. [14]

4. The city of Lancaster is not liable for any damages that plaintiffs may have suffered by reason of the overflowing of the banks of this stream, if the same is caused by the city being more solidly built up and the streets being macadamized as testified to by plaintiffs' witness.   *Answer :* That is, we say, correct, and we affirm this point, provided the jury find there was no negligence on the part of the city in the use made of this stream. [15]

Verdict and judgment for defendant.   Plaintiff Benjamin L. Greider appealed.

*Errors assigned* among others were (9–15) above instructions, quoting them.

*T. B. Holahan,* of *Martin, Holahan & Alexander,* for appellants.

*J. W. Brown* and *A. B. Hassler,* with them *A. F. Shenck,* for appellee.

OPINION BY MR. JUSTICE MCCOLLUM, November 6, 1899 :

On the first trial of this case the court below directed a verdict for the defendant and entered a judgment thereon. On the appeal from the judgment to this Court it was held that the evidence required the submission of the case to a jury. The nature and tendency of the evidence was clearly defined in the opinion of our Brother GREEN reversing the judgment, and from it we quote that portion of it applicable to the controlling questions in the case on the first and second trials of the same : " The evidence for the plaintiffs in this case tended strongly to establish several conditions as the result of the defendant's use of the stream as an open sewer. First, that it created an increase in the natural flowage of the stream so that in time of ordinary rains the banks of the stream were overflowed and the plaintiffs' land was washed with sewage and offal, and the banks of the stream were broken down and washed away. Secondly, that considerable quantities of filthy and offensive matter were allowed to accumulate on the banks and in the stream, and not only to obstruct the flow, but to emit disgusting, unhealthy and injurious smells and odors, which extended to such a degree over the plaintiffs' land and buildings as to render the same uninhabitable and prevent the owners from renting the same for any sum whatever. . . . Third, there was also evidence showing that the stream was obstructed so that the bottom was considerably elevated by the accumulations of sand, solid refuse and other substances, which the defendant did not clean out, but allowed to increase from year to year, and thus caused frequent overflows upon the land of the plaintiffs." It also appears in the opinion from which we have quoted that the conditions aforesaid presented pure questions of fact determinable by the jury upon the evidence applicable to them, and that the evidence submitted on the trial was sufficient, if credited, to support the plaintiffs' contention.

On the second trial of the case it was conceded by the court below that for an injury to the property of the plaintiffs through the negligence of the defendant in the care and use of the sewer the latter was liable to the former. The evidence submitted by the plaintiffs on the first trial was repeated on the second as to all matters essential to their claim, and it was materially corroborated by additional testimony on the same subject. It is

not necessary to specify herein all the essentials of the plaintiffs' claim because they sufficiently appear in the quotation from the opinion already referred to.

On the second trial of the case the court below conformed substantially to the instructions of this Court on the appeal from the judgment entered on the verdict directed by the court below on the first trial. While at the first glance at the charge under review there seemed to be a departure from the instructions on the first appeal, a more careful inspection of it resulted in the conviction that it furnished no material ground for a reversal of the judgment. The charge conceded the right of the defendant to use the stream as an open sewer, and recognized its liability for any injury done to the adjoining property through its negligence. The learned judge in his charge said that he had no recollection of any evidence showing that the stream was clogged up, or cast out any of its refuse matter on the plaintiffs' property, in the ordinary flow of water, or "in any time except during the time of flood or high water—rain," but he also said that this was a question of fact for the jurors to determine upon the evidence as they remembered and understood it. It was more than once distinctly stated in the charge that if the defendant, having the care of the open sewer, allowed refuse and impure matter to accumulate in the stream and upon its banks, obstructing the flowage and emitting poisonous odors injuriously affecting the property and health of the inhabitants, it was liable to the injured parties for the consequences of its negligence. It was as distinctly stated in the charge that it was for the jury to determine whether the defendant's negligence and the claim of the plaintiffs were established by the evidence in the case. We cannot therefore say that the charge was inadequate or misleading.

We discover no error in the ruling complained of in the first and second assignments; nor can we find in the third assignment any just cause for reversing the judgment, in view of the fact that two witnesses subsequently testified to the matter which was rejected on McGraw's cross-examination, and was not questioned or contradicted on the part of the defendant.

Judgment affirmed.